| | |
|---|---|
| Jack Stratton;<br>Solomon Stratton;<br>　　　　Plaintiffs.<br>vs.<br>Mecklenburg County Department of<br>Social Services; United States<br>Department of Health and Human<br>Services; United Way of Central<br>Carolinas; Foundation for the Carolinas;<br>Council for Children's Rights;<br>Brett Loftis; Martha Curren;<br>David Cayer; Yvonne Mims-Evans;<br>Elizabeth Miller-Killegrew;<br>Margaret Sharpe; Sidney Eagles;<br>John Martin; Martha Geer;<br>Patricia Timmons-Goodsen;<br>Mecklenburg County;<br>Richard Jacobsen; Tyrone Wade;<br>Twyla Hollingsworth; Donna Fayko;<br>Gretchen Caldwell; Sherri Glenn;<br>David Fee; Lisa Looby; Susan Miller;<br>Katherine Dorminey; Robert Adden;<br>Richard Lucy; Michael Schmidt;<br>Carolinas Healthcare System;<br>　　　　Defendants. | C/A No.: 3:10-cv-137-DCN -PJG<br><br><br><br>**ROSEBORO ORDER TO PLAINTIFF** |

　　　　One or more defendants has filed a motion to dismiss (pursuant to Fed. R. Civ. P. 12) or a motion for summary judgment (pursuant to Fed. R. Civ. P. 56) asking the court to dismiss your case. Because you are not represented by counsel, this "Roseboro Order"[1] is issued to advise you of the dismissal/summary judgment procedures and the possible consequences if you fail to respond adequately to defendant's motion. Please carefully review this information, including the attached excerpts of the Federal Rules of Civil Procedure regarding motions to dismiss and motions for summary judgment.

---

　　　　[1]The court enters this order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to *pro se* litigants).

Page 1 of 7

**You have 34 days from the date of this order to file any material in opposition to the motion that defendant filed. If you fail to respond adequately, the court may grant the defendant's motion, which may end your case.**

### Explanation of Motions to Dismiss

Motions to dismiss can be filed pursuant to Fed. R. Civ. P. 12. Many motions to dismiss are filed under Fed. R. Civ. P. 12(b)(6), in which defendants usually argue that the law does not provide a right to relief for claims that a plaintiff makes in his complaint. Because motions to dismiss usually concern questions of law and not questions of fact, the court presumes as true the plausible facts of the complaint for the purpose of a motion to dismiss.

The court decides a motion to dismiss on the basis of the applicable law and the pleadings, meaning the complaint, defendant's answer (if any), the exhibits attached to the complaint, documents that the complaint incorporates by reference (provided they are both undisputed and pertinent to the pleaded claims), and materials of which the court may take judicial notice. In some cases, the parties present materials outside of the pleadings, such as affidavits or declarations in support of or in opposition to the motion to dismiss. If the court, in its discretion, considers materials outside of the pleadings, the motion to dismiss is converted to a motion for summary judgment under Fed. R. Civ. P. 56. See Fed. R. Civ. P. 56(d).

### Explanation of Motions for Summary Judgment

Motions for summary judgment filed by defendants pursuant to Fed. R. Civ. P. 56 argue that the plaintiff's claims are not supported by the specific facts of the case. For example, in a civil rights case brought under 42 U.S.C. § 1983, a defendant may argue in a motion for summary judgment that the facts in the plaintiff's case do not rise to the level of a constitutional violation that would entitle him to relief. Because motions for summary judgment concern both questions of law and questions of fact, if the court finds that there is not any genuine dispute as to any material fact on a claim, the court will determine which party is entitled to judgment under the law. The court decides a motion for summary judgment on the basis of the applicable law, the pleadings, discovery, affidavits, declarations, and any other properly-submitted evidence.

### Your Response to the Defendant's Motion

Your filing in opposition to the defendant's motion should be captioned either as "Response to Motion to Dismiss" or "Response to Summary Judgment," as applicable, and should include the following: (1) an explanation of your version of the facts, if different from defendant's version of the facts; and (2) your legal argument regarding why the court should not grant the motion and end your case. Rule 56(c) requires that you support your version of all disputed facts with material such as depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers, or other materials. Your failure to support facts in dispute with such material may result in the court granting the motion. Any affidavits or declarations you file in opposition to summary judgment must be based on personal knowledge, contain facts admissible in evidence, and be signed by a person who would be competent to testify on matters contained in the affidavit or declaration if called to testify about them at trial. The court will not consider affidavits, declarations, or exhibits that are unrelated to this case, nor will it consider affidavits or declarations that contain only conclusory statements or argument of facts or law. If you fail to dispute the defendant's version of the facts with proper support of your own version, the court may consider the defendant's facts as undisputed.

All affidavits, declarations, or other evidence you submit to the court must be made in good faith and the facts sworn to in the affidavit or affirmed in the declaration must be true. All affidavits and declarations submitted in this case are submitted under penalties of perjury or subornation of perjury. 18 U.S.C. §§ 1621 and 1622. If the court finds that a party has presented affidavits, declarations, or other evidence in bad faith or only to delay the action, the court may order sanctions, payment of fees, or hold that party in contempt of court.

**IT IS SO ORDERED.**

                                                            s/Paige J. Gossett
                                                            Paige J. Gossett
                                                            UNITED STATES MAGISTRATE JUDGE

February 10, 2011
Columbia, South Carolina

# EXCERPTS OF FEDERAL RULES OF CIVIL PROCEDURE
## Rule 12 and Rule 56 (effective December 1, 2010)

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions, Waiving Defenses; Pretrial Hearing**

**(a) Time to Serve a Responsive Pleading**. [OMITTED]

. . .

**(b) How to Present Defenses**. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
    (1) lack of subject-matter jurisdiction;
    (2) lack of personal jurisdiction;
    (3) improper venue;
    (4) insufficient process;
    (5) insufficient service of process;
    (6) failure to state a claim upon which relief can be granted; and
    (7) failure to join a party under Rule 19.
A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**(c) Motion for Judgment on the Pleadings**. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

**(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**(e) Motion for a More Definite Statement**. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

**(f) Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or
(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

**(g) Joining Motions**.
**(1) Right to Join**. A motion under this rule may be joined with any other motion allowed by this rule.
**(2) Limitation on Further Motions**. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h) Waiving and Preserving Certain Defenses**.
**(1) When Some Are Waived**. A party waives any defense listed in Rule 12(b)(2)-(5) by:
(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
(B) failing to either:
(i) make it by motion under this rule; or
(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
**(2) When to Raise Others**. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
(A) in any pleading allowed or ordered under Rule 7(a);
(B) by a motion under Rule 12(c); or
(C) at trial.
**(3) Lack of Subject-Matter Jurisdiction**. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**(i) Hearing Before Trial**. If a party so moves, any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

---

**Rule 56. Summary Judgment**

(**a) Motion for Summary Judgment or Partial Summary Judgment**. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.**  Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**
> **(1) Supporting Factual Positions**.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence**.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited**.  The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations**.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant**.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact**.  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

**(f) Judgment Independent of the Motion**.  After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or

Page 6 of  7

Case 3:10-cv-00137-DCN -PJG   Document 37    Filed 02/10/11   Page 6 of 7

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief**. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith**. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.