IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Jack Stratton; and Solomon Stratton,<br><br>    Plaintiffs,<br><br>vs.<br><br>Mecklenburg County Department of Social Services; United States Department of Health and Human Services; United Way of Central Carolinas; Foundation for the Carolinas; Council for Children's Rights; Brett Loftis; Martha Curren; David Cayer; Yvonne Mims-Evans; Elizabeth Miller-Killegrew; Margaret Sharpe; Sidney Eagles; John Martin; Martha Geer; Patricia Timmons-Goodsen; Mecklenburg County; Richard Jacobsen; Tyrone Wade; Twyla Hollingsworth; Donna Fayko; Gretchen Caldwell; Sherri Glenn; David Fee; Lisa Looby; Susan Miller; Katherine Dorminey; Robert Adden; Richard Lucy; Michael Schmidt; Carolinas Healthcare System,<br><br>    Defendants. | C/A No. 3:10-137-DCN-PJG<br><br><br>**ORDER** |

  This matter is before the court on the motion of Plaintiff Jack Stratton ("Stratton") to recuse the assigned magistrate judge. (ECF No. 47.) Having carefully considered Stratton's motion and the parties' submissions, the court finds that Stratton's motion raises no legitimate basis for recusal under governing law.

**BACKGROUND**

  Stratton seeks recusal of the undersigned magistrate judge on the ground of alleged bias or prejudice. He offers two separate grounds for his motion: (1) he asserts that the assigned magistrate

judge is biased in the defendants' favor based on a revision to the court's standard Roseboro order routinely sent to *pro se* litigants when an adverse party files a dispositive motion; and (2) the assigned magistrate judge was formerly affiliated in a volunteer capacity with the United Way of the Midlands in Columbia, South Carolina, which Stratton asserts shows a bias in favor of Defendant United Way of Central Carolinas in Charlotte, North Carolina.[1]

## DISCUSSION

**A.      Governing Law**

**1.      General Rule**

The United States Court of Appeals for the Fourth Circuit has recognized that " 'there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is.' " Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 325 (4th Cir. 1994) (quoting In re Union Leader Corp., 292 F.2d 381, 391 (1st Cir. 1961)); see also Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). Other Circuits have similarly held. See United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008); United States v. Snyder, 235 F.3d 42, 45-46 (1st Cir. 2000); Maier v. Orr, 758 F.2d 1578, 1583 (Fed. Cir. 1985). As the Ninth Circuit eloquently summarized in Holland:

> This proposition is derived from the "judicial Power" with which we are vested. See U.S. Const. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for

---

[1] Stratton also seeks recusal based on the undersigned's former membership in the Junior League of Columbia, another philanthropic organization. No chapter of the Junior League is a party to this case. Stratton has failed to support his allegations that the Junior League is connected in any way to this matter, but even if he had, recusal on this basis is not warranted for the same reasons discussed herein with regard to the United Way.



> any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring. . . .
>
> It is equally clear from this general proposition that a judge may *not* sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); <u>see also id.</u> § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. See <u>Clemens v. U.S. Dist. Ct.</u>, 428 F.3d 1175, 1179 (9th Cir. 2005); <u>Nichols v. Alley</u>, 71 F.3d 347, 352 (10th Cir. 1995). If it is a close case, the balance tips in favor of recusal. <u>United States v. Dandy</u>, 998 F.2d 1344, 1349 (6th Cir. 1993).

<u>Id.</u> at 912 (alterations and emphasis in original).

### 2. Recusal

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[2] Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. <u>United States v. Cherry</u>, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, since judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." <u>United States v. DeTemple</u>, 162 F.3d 279, 287 (4th Cir. 1998). The "reasonable person" is a "well-informed, thoughtful observer," but not one who is "hypersensitive or unduly suspicious." <u>In re Mason</u>, 916 F.2d 384, 386 (7th Cir. 1990).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings."

---

[2] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.



Cherry, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. DeTemple, 162 F.3d at 287. Recusal decisions under § 455(a) are "fact-driven and may turn on subtleties in the particular case." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008).

Subsection (b) of § 455 further provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. Liteky v. United States, 510 U.S. 540, 567 (1994) (Kennedy, J., concurring). Pertinent here, § 455(b)(1) disqualifies a judge "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1025 (7th Cir. 2000). Moreover, the United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). In applying the extrajudicial source doctrine, the Supreme Court has held that

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).

PJG

B.     **Stratton's Motion**

Stratton's motion raises no ground warranting recusal under this governing law. As an initial matter, the court observes that his first ground is based entirely on the court's orders in the instant case; Stratton's allegations on this point do not demonstrate bias derived from an extrajudicial source. As such, they cannot as a matter of law alone demonstrate bias in favor of any of the defendants. See Liteky, 510 U.S. at 555.

Moreover, his assertions in this regard are misguided and utterly unsupported. Stratton rests this argument on his contention that the court changed the standard language used in a Roseboro order to protect the defendants from Stratton's allegations of mail fraud. Roseboro orders are issued in the Fourth Circuit to explain to self-represented litigants the requirements of the summary judgment rule, their right or responsibility to respond to motions for summary judgment, and that their failure to respond might result in the entry of summary judgment against them. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (*per curiam*). Among other things, a Roseboro order warns *pro se* litigants of some of the consequences of filing a false affidavit in response to a dispositive motion. Former iterations of the Roseboro order included a warning to *pro se plaintiffs* that such conduct could result, among other penalties, in a prosecution for mail fraud. (See, e.g., ECF No. 25 at 3.) The warning in no way addresses substantive claims of mail fraud against *defendants*.

When the Federal Rules of Civil Procedure were amended effective December 1, 2010, changes to the language of the Roseboro order were necessary to conform to those amendments, which revised the language of Rule 56. Roughly contemporaneously with those changes, the District of South Carolina also made other unrelated changes in the interests of uniformity, including but not

limited to the deletion of the sentence challenged by Stratton.  A comparison of the instant docket to those involving other *pro se* litigants shows that this change was made in conjunction with a district-wide revision of the Roseboro order and was not specific to Stratton's cases.  Accordingly, Stratton's allegations can raise no reasonable question of bias from the perspective of a well-informed, thoughtful observer, but rather demonstrate the perception of an unduly suspicious, hypersensitive litigant.  See In re Mason, 916 F.2d at 386.  As such, recusal is not warranted under either § 455(a) or § 455(b)(1).  See also Canon 3(C)(1); Canon 3(C)(1)(a).

Stratton's assertions regarding the assigned magistrate judge's former affiliation as a volunteer with the United Way of the Midlands similarly do not compel disqualification.  The court notes that the United Way is a national, philanthropic organization with local chapters across the country.  The chapter with which the undersigned was affiliated is not the defendant in this case and there is no allegation that it has any connection with the actions of which Stratton complains.  Moreover, even if the undersigned's former affiliation with the United Way of the Midlands could be imputed to Defendant United Way of Central Carolinas, which operates in a metropolitan area wholly separate from that of the United Way of the Midlands, "[f]ormer affiliations with a party . . . are rarely a basis for compelled recusal."  In re Martinez-Catala, 129 F.3d 213, 221 (1st Cir. 1997) (recognizing that many judges properly sit after a self-imposed "cooling off period" on cases involving former clients).  As the undersigned has not served on a United Way council in over four years, no reasonable, well-informed observer could question her impartiality on this basis.  See id.; Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc., 788 F.2d 1223, 1224 (7th Cir. 1986) (Easterbrook, J.) ("For most judges, the time will come when he is assigned to hear a case involving former clients. I believe that one year's gap between the rendition of advice to a client and judicial service in a case

involving that entity is sufficient, provided the cases are sufficiently distinct."); Chitimacha Tribe of La. v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1166 (5th Cir. 1982) (stating that the fact that a trial judge once represented Texaco, a party before his court, "does not forever prevent him from sitting in a case in which Texaco is a party" and holding that six years ago was too remote and too innocuous to warrant disqualification); see also Draper v. Reynolds, 369 F. 1270, 1281 n.18 (11th Cir. 2004) (noting that "assuming that a judge is no longer receiving financial payment from a former law firm, a two-year recusal period is generally reasonable").[3]

### ORDER

For the reasons stated above, Stratton's motion for recusal is denied.

**IT IS SO ORDERED.**

*/s/ Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 14, 2011
Columbia, South Carolina

---

[3] The court further points out that these cases involved a "cooling off period" following a judge's former representation of a client or association with a law firm, much closer affiliations than the one at issue here—that of a volunteer serving on a council of a nonprofit organization.