IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| Jack Stratton,<br>Solomon Stratton,<br>　　　　　　Plaintiffs,<br>　vs.<br>Mecklenburg County Department of<br>Social Services, et al.,<br>　　　　　　Defendants. | Civil Action No. 3:10-137-DCN-KM<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motions to dismiss filed by the defendants (docs. 6, 13, 20, 24, 36, 38, 40, 43, 49, 51, and 54) and the plaintiffs' motion for judicial notice and hearing (doc. 78). The plaintiffs are proceeding *pro se.*

On October 5, 2010, the Fourth Circuit Court of Appeals designated the Honorable David C. Norton, Chief United States District Judge of the District of South Carolina, to preside in this case. By order filed June 3, 2011, Judge Norton referred all pretrial motions in this case to the undersigned.

All defendants who have been served in this action[1] have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b). The Mecklenburg County Department of Social Services ("DSS") filed its motion to dismiss (doc. 6) on September 3, 2010. After the plaintiffs filed an amended complaint, DSS filed another motion to dismiss (doc. 13) on October 8, 2010. On November 19, 2010, defendant Robert Adden filed a motion to dismiss (doc. 20). By order filed December 9, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiffs were advised of the summary judgment dismissal procedure and the possible consequences if they failed to adequately respond

---

[1] It appears that five defendants were never served.

to the motion. On December 13, 2010, defendants David Cayer, Martha Curren, Sidney Eagles, Martha Geer, John Martin, Elizabeth Miller-Killegrew, Yvonne Mims-Evans, Margaret Sharpe, and Patricia Timmons-Goodsen filed a motion to dismiss (doc. 24). Another *Roseboro* order was issued on December 14, 2010. The plaintiffs filed their response to these motions on January 18, 2011. Defendant Michael Schmidt filed a motion to dismiss (doc. 36) on February 8, 2011, and another *Roseboro* order was issued on February 10, 2011. On February 11, 2011, the United Way of Central Carolinas, the Carolinas Healthcare System, and Richard Lucy filed motions to dismiss (docs. 38, 40, 43). Another *Roseboro* order was issued on February 14, 2011. On March 3, 2011, the Council for Children's Rights and Brett Loftis filed a motion to dismiss (doc. 49), and defendants Katherine Dorminey, Donna Fayko, David Fee, Sherri Glenn, Richard Jacobsen, Mecklenburg County, and Tyrone Wade filed a motion to dismiss on March 4, 2011 (doc. 51). The Foundation for the Carolinas filed a motion to dismiss (doc. 54) on March 7, 2011. Another *Roseboro* order was issued on March 9, 2011. The plaintiffs filed a response in opposition to the motions to dismiss on April 11, 2011.

## BACKGROUND

Plaintiff Jack Stratton is the father of ten children who were placed in foster care by DSS in 2001. Plaintiff Solomon Stratton, who is now an adult, is one of those children. Plaintiff Jack Stratton's parental rights with regard to eight of his ten children were terminated on June 10, 2003. The allegations in the plaintiffs' complaint and amended complaint regard those proceedings.

Extensive legal proceedings were held in the Mecklenburg County District Court, Juvenile Court Division, regarding this family. The Honorable Elizabeth D. Miller, Mecklenburg County District Court Judge, entered a written Order adjudicating the children to be neglected and dependent on January 31, 2002. Those proceedings are hereinafter referred to as the "Juvenile Court Proceedings." By Order entered June 10, 2003, the

Honorable Margaret L. Sharpe, District Court Judge Presiding, terminated the parental rights of the plaintiff Jack Stratton with regard to eight of his ten children, including the plaintiff Solomon Stratton. The termination of parental rights proceedings are hereinafter referred to as the "TPR Proceedings."

From the appellate decisions regarding the Juvenile Court Proceedings and the TPR Proceedings, the court can take judicial notice of the following:

> 1. Jack Stratton was represented by Attorney Rick D. Lail in the trial court and in an appeal concerning the immunization of the children. *In Re: Stratton*, 571 S.E.2d 234 (N.C. App. 2002).
>
> 2. "On 30 January 2001, DSS took custody of the children. The children were adjudicated neglected and dependent on 12 March 2001." *Id.* at 235.
>
> 3. "[T]he children have been adjudicated dependent and neglected by their parents, appellants, and their legal custody now resides with DSS. The children have been removed from their home and placed in foster care because their parents failed to provide adequate shelter, clothing, food, medical care and formal education. By their failure to provide basic necessities for their children, appellants have acted in a manner inconsistent with their constitutionally protected parental relationship ... Because appellants have surrendered the companionship, custody, care and control of their children by neglecting their welfare, DSS is now the only party that may legitimately make health decisions for the Stratton children." *Id.* at 238.
>
> 4. The parents appealed to the North Carolina Court of Appeals the adjudication of their children being neglected and dependent and were represented by counsel in that appeal. The Plaintiff Solomon Stratton was represented by counsel. *In Re: Stratton*, 583 S.E.2d 323 (N.C. App. 2003).
>
> 5. "On 30 January 2001, the Mecklenburg County Division of Social Services ("DSS") filed a juvenile petition alleging the Stratton children to be neglected and dependent as defined in NC Gen. Stat. § 7B-101(9), (15) (2001). On that same date, the district court issued a non-secure custody order placing the children in foster care. Judge Elizabeth D. Miller conducted an adjudicatory hearing pursuant to NC Gen. Stat. §§ 7B-801 (c) and -901 (2001) on 12 March 2001. Judge Miller entered a

3

written order adjudicating the children to be neglected and dependent on 31 January 2002. Mr. Stratton filed notice of appeal from that order on 14 February 2002." *Id.* at 324.

6. "On 10 June 2003, while this appeal was pending, Judge Margaret L. Sharpe entered an order, following several months of hearings, terminating the parental rights of Mr. and Mrs. Stratton. Based on the evidence presented at the hearings, Judge Sharpe concluded that the Stratton children were neglected within the meaning of N C Gen. Stat. § 7B-1 01 (15) and that DSS had proven by clear, cogent, and convincing evidence that grounds existed to terminate the parental rights of the Strattons under NC Gen. Stat. § 7B-llll (a)(1) and (a)(2) (2001)." *Id.*

The plaintiffs in this case essentially contend that the original Juvenile Summons issued when the children were placed in foster care in January 2001 was defective and did not confer jurisdiction over them. The plaintiffs further allege that the various defendants in this action are involved in a "Rothschild-Rockefeller-Illuminati-Federal Reserve- New World Order conspiracy" (amended comp. ¶ 359). They contend that the defendants have conspired to join in an international child trafficking enterprise (*id.* ¶ 114) and targeted "Jack and Kathy Stratton's Ten Christian Bi-Racial Children" (*id.* ¶ 257). In their 67 page amended complaint, the plaintiffs seek over a billion dollars in damages and other relief against approximately 30 defendants. They have identified eight purported causes of action: (1) 42 U.S.C. § 1983 Conspiracy to Violate Rights; (2) 42 U.S.C. § 1985 Conspiracy to Violate Rights (Motivated by Race, Religion, and Sex); (3) 18 U.S.C. § 1964, *et seq.* violations (RICO); (4) 18 U.S.C. § 1595 violations (Slavery, Involuntary Servitude, and Peonage); (5) Title VI Civil Rights Violations (42 U.S.C. § 2000d *et seq*.); (6) 42 U.S.C. § 2000bb, *et seq*. violations (Religious Freedom Restoration Act); (7) Assault and Battery; and (8) Continuing Legal Malpractice.

## SUBJECT MATTER JURISDICTION

The defendants argue that the plaintiiffs' complaint and amended complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]  This court agrees.

Pursuant to N.C.G.S. §7B-200, the State District Court has "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected or dependent." N.C.G.S. §7B-200.  The adjudication of the Stratton children as being neglected and dependent was appealed to the North Carolina Court of Appeals. However, that adjudication was rendered moot by the entry of an Order terminating the parental rights of the Strattons, as set forth in *In Re: Stratton,* 583 S.E.2d 323 (N.C. App. 2003)*.* Any challenges that the plaintiffs had to those Juvenile Court Proceedings or to the TPR Proceedings should have been brought in those state court proceedings.  The plaintiffs' allegations of conspiracy, criminal RICO child trafficking, religious and racial genocide, assault, battery, intentional infliction of emotional distress, malice, constitutional violations, and statutory violations are all allegations that could and should have been raised in the state court proceedings, which were concluded over six years prior to the filing of this action.

The *Rooker-Feldman* Doctrine provides that federal district courts have "no authority to review final judgments of a State Court in judicial proceedings." *District of Columbia Court of Appeals vs. Feldman,* 460 U.S. 462, 482 (1983); *Rooker vs. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923).  A plaintiff may not seek federal district court review of or relief from a State proceeding that was essentially judicial in nature. Instead, a plaintiff may seek recourse in the state court system and may petition the United States Supreme Court for *certiorari* if he is dissatisfied with the state court's handling of the claim

---

[2]Because this court finds that the case should be dismissed for lack of subject matter jurisdiction, the defendants' other grounds for dismissal will not be addressed.

and if federal jurisdiction exists. *Feldman,* 460 U.S. at 482. "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. Section 1983." *Anderson* v. *Colorado,* 793 F.2d 262, 263 (10th Cir. 1986)*.*

When the constitutional claims for which a plaintiff seeks judicial review are "inextricably intertwined with the [State Courts'] Decisions, in judicial proceedings," they cannot be reviewed. *Feldman,* 460 U.S. at 486-87. As Justice Marshall explained, "where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Pennzoil Company vs. Texaco. Inc.,* 481 U.S. 1, 25 (1987) (Marshall. J. concurring)*.*

The plaintiffs' complaint and amended complaint in this action contain lengthy attacks on the state court proceedings and therefore are barred by the *Rooker-Feldman* Doctrine*.* The *Rooker-Feldman* Doctrine has been applied in other district court actions to dismiss cases wherein a plaintiff has challenged underlying state juvenile court proceedings. In *Berry* v. *South Carolina Department of Social Services,* No. 95-2678, 1997 WL 499950 *(*4th Cir*.* Aug. 25, 1997), the Fourth Circuit Court of Appeals, in an unpublished opinion, affirmed the dismissal of the plaintiff father's complaint challenging actions taken by the State of South Carolina against him for abuse of his children. The action was dismissed for lack of subject mater jurisdiction pursuant to Rule 12(b)(1) based upon the *Rooker-Feldman* Doctrine*. Id.* at *2.

A case with allegations similar to those raised by the plaintiffs here is *Salvetti vs. Georgia Bar Association, et. al.*, No. 1:05cv00505*,* 2007 WL 433390 (M.D.N.C. Feb. 6, 2007). The plaintiff Salvetti filed a *pro se* complaint against 30 defendants. The allegations in the complaint included assertions of the rights of parents to raise their children, violations of RICO, violations of civil rights, and various constitutional violations.

6

The complaint even asserted that Georgia had placed the child in foster care for the purpose of receiving federal funds, an allegation similar to one raised by the plaintiff Jack Stratton in this case. In *Salvetti,* the plaintiff sought $70 million dollars for alleged damages. The Honorable N. Carlton Tilley, Jr., United States District Court Judge, in a Memorandum, Opinion and Judgment dated February 6, 2007, dismissed Salvetti's complaint on the basis that the federal court did not have jurisdiction to consider the claims under the *Rooker-Feldman* Doctrine. *Id.* at *2.

In *Burdick* v. *Pritchett* & *Burch, PLLC.,* No. 4:08-cv-53-BO, 2008 WL 7542377 (E.D.N.C. Nov. 16, 2008), the plaintiff alleged that his former wife's attorneys and state court judges had manipulated the legal system to obtain a custody order in favor of the plaintiff's former wife in violation of his constitutional rights. In an opinion dated November 16,2008, the Honorable Terrence W. Boyle, United States District Court Judge, dismissed the plaintiffs complaint on the basis that the federal court lacked subject matter jurisdiction to hear their claims based upon the *Rooker-Feldman* Doctrine. *Id.* at *1.

Similarly, in *Barbeau* v. *General Court of Justice, New Hanover Dist. Court, N.C.*, No. 7:10-cv-91-BR, 2010 WL 2812695 (E.D.N.C. June 15, 2010), the plaintiff alleged that the parental custody of his son and his visitation rights were determined by the state courts in a manner that resulted in violation of his federal civil and constitutional rights. The Honorable David W. Daniel, United States Magistrate Judge, in an Opinion filed June 15, 2010, recommended that the plaintiff's petition for removal be dismissed for lack of subject matter jurisdiction based upon the *Rooker-Feldman* Doctrine. *Id.* at *2-3.

Any challenges that the plaintiffs had to the Juvenile Court Proceedings or TPR Proceedings should have been brought in those state court proceedings. The plaintiffs' allegations against the defendants - to the extent they can be deciphered - relate directly to and are inextricably intertwined with the North Carolina courts' judicial termination of Jack and Kathy Stratton's parental rights. The plaintiffs' attempts to challenge those

7

actions and to seek redress in federal court are barred by the *Rooker-Feldman* Doctrine, and therefore the case should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendants' motions to dismiss (docs. 6, 13, 20, 24, 36, 38, 40, 43, 49, 51, and 54) should be granted. Because the remaining named defendants who have not been served would have been entitled to dismissal as set forth above had they been served, it is recommended that they be dismissed from the case without further service of process or response. *See, e.g., Ali v. Corr. Med. Servs., Inc.*, C.A. No. DKC-09-0466, 2009 WL 2713948, at *1 n.1 (D. Md. Aug. 25, 2009). This court further recommends that the plaintiffs' motion for judicial notice and hearing (doc. 78) be denied. Should the district court adopt this court's recommendation, any other pending motions will be rendered moot. The plaintiffs' attention is directed to the Notice on the next page.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald  
United States Magistrate Judge

August 5, 2011  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. *Diamond v. Colonial Life*, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. *Id.* at 316; *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003); *Snyder v. Ridenhour*, 889 F.2d 1363, 1365 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).